UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:10-62133-CIV-HUCK/O'SULLIVAN

HOLY CROSS HOSPITAL, INC.,

    Plaintiff

v.

BILJANA BASKOT, and
B. BASKOT, M.D., P.A.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint (D.E. # 24) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1367(c)(2). For the reasons discussed below, Defendants' Motion is granted in part and denied in part.

### Factual and Procedural Background

This case involves a dispute between Holy Cross Hospital, Inc., in Ft. Lauderdale, Florida, and its former employee Dr. Biljana Baskot. Holy Cross employed Baskot as an internist from November 1, 2000 to October 31, 2010. Through its Complaint, filed November 4, 2010 (D.E. # 1), as well as its Supplement (D.E. # 19), Holy Cross alleges that Baskot has violated the terms of her Employment Agreement by, *inter alia,* working at Baskot P.A., 1142 East Broward Boulevard, next door to Holy Cross medical offices, beginning on November 1, 2010. The Complaint also alleges that prior to the termination of her employment, Baskot contacted Holy Cross' third-party payors, notified them that payments for her services to Holy Cross patients were to be sent to Baskot P.A. and sought a contract with one such third-party payor. As a result, Holy Cross alleges, Defendants, Baskot and her professional corporation Baskot P.A., misappropriated payments for services rendered to Holy Cross patients and further violated the Employment Agreement. Finally, Holy Cross alleges that the website that Baskot established around February 2010 to promote her practice at 1142 East Broward Boulevard and other of Defendants' advertisements and promotions

are literally false and/or misleading. On the basis of this alleged wrongdoing, Holy Cross asserts counts for I) false advertising and unfair competition under 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act, II) violation of Florida's Deceptive and Unfair Trade Practices Act, III) breach of contract (against Baskot individually only), IV) tortious interference with contractual and/or business relations, and V) conversion and seeks damages as well as injunctive and declaratory relief. Holy Cross' Complaint indicates that this Court has subject matter jurisdiction over Count I under the Lanham Act and 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over its related state law claims.

The day after filing its Complaint, Holy Cross moved for a preliminary injunction. Its Memorandum in support of this Motion specifies that Holy Cross is not seeking a preliminary injunction as to Count I (violation of the Lanham Act), but, rather, only as to Counts III (breach of contract) and IV (tortious interference). Holy Cross seeks principally to preliminarily enjoin Defendants from providing medical services in the geographical area covered by the Employment Agreement, soliciting Holy Cross patients or certain former patients and interfering with Holy Cross' contractual and/or business relationships.

On November 10, 2010, the Court held a telephonic status conference and discussed with the parties the allegedly offending material on Defendants' website. On November 16, 2010, the parties filed a Joint Status Report indicating that Defendants voluntarily made the following changes, among others, to their website:

- Defendants removed language regarding Baskot's status as a "top specialist of internal medicine in Fort Lauderdale" and her practice "located in South Florida's Broward County" being "well known for highest-quality of service and care."
- Defendants clarified that Baskot has been in private practice from Nov. 1, 2010, to present and was with Holy Cross from 2000 to Oct. 31, 2010.
- Defendants clarified that Baskot has admitting privileges, not affiliations, with certain hospitals and removed the direct link to Holy Cross' website.

As indicated in the Joint Status Report, the sole remaining area of disagreement between the parties regarding Defendants' current website is the continued listing of Defendants practice location at "1142 E. Broward Boulevard." Despite the fact that this is Defendants' present location, Holy Cross

contends the information is confusing and misleading because this address is directly next door to Holy Cross medical offices. The Court notes that despite the website changes, Holy Cross retains a claim for damages based on the now-removed website content. Additionally, Holy Cross alleges that it was damaged as a result of false and misleading statements made on Defendants website from approximately February to October 2010, Baskot's statements to the Executives' Association of Florida, and an October 31, 2010 advertisement for Defendants' internal medicine practice in the South Florida Sun Sentinel.

Defendants' Motion to Dismiss Plaintiff's Complaint asserts that Holy Cross' Count I Lanham Act claim should be dismissed for lack of subject matter jurisdiction because Holy Cross has not established constitutional and/or prudential standing to bring this claim. Defendants also argue that the Court should decline to exercise its discretion under 28 U.S.C §1367(c) to assert supplemental jurisdiction over Counts II through V, Holy Cross' state law claims. In response, Holy Cross argues that it has established constitutional and prudential standing to bring its claim under Section 43(a) of the Lanham Act and that the Court has and should exercise supplemental jurisdiction over its remaining state law claims.

## Analysis

**Count I, Section 43(a) of the Lanham Act**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim or claims for lack of subject matter jurisdiction. Standing is jurisdictional in nature; therefore, Defendants proceeded under Rule 12(b)(1) to dismiss Count I for lack of standing. *Stalley v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." (internal quotations omitted)). Challenges to subject matter jurisdiction can be either "facial" or "factual." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks are limited to plaintiff's allegations, taken as true for the purposes of the motion, whereas factual attacks encompass matters outside the pleadings and allow a district court to weigh the factual record. *Id.* at 1529. The parties dispute whether Defendants have waged a factual or facial attack on this Court's jurisdiction. Indeed, Holy Cross' Response Memorandum is premised, almost entirely, on its interpretation of Defendants' Motion as a facial

attack. However, the Court does not need to resolve this issue because Defendants' Motion, styled as a motion regarding standing and subject matter jurisdiction, is more appropriately viewed as a challenge to the merits of Holy Cross' claim under Section 43(a) of the Lanham Act.

Defendants' Motion contains more than a few statements regarding the deficiency of Holy Cross' Lanham Act claim on the merits. Defendants argue that Holy Cross has not identified any specific facts in support of its allegation that it incurred damages as a result of the alleged false or misleading statements and has not provided the Court "with any legal authority to support the proposition that Dr. Baskot's current and continued practice at 1142 East Broward Boulevard is actionable under the Lanham Act."[1] (D.E. # 24 at 9, 12) (alteration in original). The Court believes that the merits nature of Defendants' argument regarding lack of standing is due to the overlap between the test for prudential standing under Section 43(a) and the injury element of such Section 43(a) claims.

To bring a claim under Section 43(a) of the Lanham Act, a plaintiff must have both constitutional and prudential standing. *Phoenix of Broward, Inc. v. McDonald's Corp.*, 489 F.3d 1156, 1161 (11th Cir. 2007). Article III, or constitutional, standing requires that the plaintiff allege "that (1) he has suffered an actual or threatened injury, (2) the injury is fairly traceable to the challenged conduct of the defendant, and (3) the injury is likely to be redressed by a favorable ruling." *Id*. After determining constitutional standing, the Eleventh Circuit has held that the district court should "consider and weigh the following factors" to determine whether a party has prudential standing to bring a false advertising claim under Section 43(a):

- The nature of the plaintiff's alleged injury: Is the injury of a type that Congress sought to redress in providing a private remedy for violations of the Lanham Act?
- The directness or indirectness of the asserted injury.
- The proximity or remoteness of the party to the alleged injurious conduct.
- The speculativeness of the damages claim.
- The risk of duplicating damages or complexity in apportioning damages.

---

[1] The Court notes that it is uncertain regarding whether Holy Cross will be able to show that Defendants' website listing of their current, accurate address gives rise to a claim under Section 43(a) of the Lanham Act. However, Holy Cross will have an opportunity to do so in further proceedings in this matter.

*Phoenix of Broward, Inc.*, 489 F.3d at 1163–64 (11th Cir. 2007).[2]  As for the elements of a claim for false advertising under Section 43(a), they are, as follows: "a plaintiff must establish that (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been -- or is likely to be -- injured as a result of the false advertising."  *Hickson Corp. v. Northern Crossarm Co.,* 357 F.3d 1256, 1260 (11th Cir. 2004) (citation omitted).  A side-by-side comparison of the *Phoenix of Broward* factors and the injury element of a false advertising claim suggests that the jurisdictional and merits inquiries under Section 43(a) could overlap, and in this case, indeed they do.  Defendants argue that Holy Cross has not pleaded any quantifiable claim for damages.  This argument goes to the injury element of Holy Cross' prima facie case and also implicates at least two of the *Phoenix of Broward* factors, the directness or indirectness of the asserted injury and the speculativeness of the damages claim.  *Cf. Logan v. Burgers Ozark Country Cured Hams, Inc.*, 263 F.3d 447, 461–63 (5th Cir. 2001) (discussing plaintiff's failure to establish actual losses in the context of prudential standing under the same five-factor test adopted in *Phoenix of Broward* and in the context of the injury element of plaintiff's Section 43(a) false advertising claim).

When the facts necessary to sustain jurisdiction implicate the merits of the underlying claim, "[t]he proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case . . . . [thereby forcing the defendant] to proceed under Rule 12(b)(6) or Rule 56."  *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (alterations and quotations omitted) (reversing district court's dismissal of action for lack of jurisdiction and remanding for further proceedings under Rule 56 because defendant's jurisdictional attack implicated the underlying merits of plaintiff's claim).  As indicated above, the Court finds that

---

[2] The Court notes that *Phoenix of Broward* addressed the proper test for prudential standing for false advertising claims brought under Section 43(a) of the Lanham Act.  To the extent that Holy Cross' allegations under Section 43(a) encompass "unfair competition" beyond the alleged false and/or misleading advertising, the parties, with the exception of footnote 6 in Defendants' Motion (D.E. # 24 at 8), do not address Holy Cross' standing to bring a Section 43(a) claim on these broader grounds.  Therefore, the Court need not address this issue.

Defendants' jurisdictional challenge implicates the merits of Holy Cross' claim for false advertising under Section 43(a) of the Lanham Act. Under controlling Eleventh Circuit law, the Court therefore concludes that Defendants' Motion is an attack on the merits of Holy Cross' claim. Defendants are constrained to proceed under Federal Rule of Civil Procedure 12(b)(6) or 56, and the Court denies their motion to dismiss Count I for lack of subject matter jurisdiction.

**Counts II, III, IV and V, Holy Cross' State Law Claims**

A district court has supplemental jurisdiction over claims that are related, in terms of sharing a common nucleus of operative fact, to the claims over which it has original jurisdiction. 28 U.S.C. § 1367(a); *see United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (explaining that supplemental jurisdiction exists when state and federal claims derive from a common nucleus of operative fact). However, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Count II, for violation of Florida's Deceptive and Unfair Trade Practices Act, shares a common nucleus of operative fact with Count I, the sole count over which the Court has original jurisdiction. However, Counts III, IV, and V are not based on the same set of facts as Count I. Even if they were, Counts II, III, IV, and V substantially predominate over Count I and, therefore, the Court declines to exercise supplemental jurisdiction over these claims. The Court also declines to exercise supplemental jurisdiction for the additional reason that Count III implicates an unsettled area of Florida law.

"A federal court will find substantial predominance [under 28 U.S.C. § 1367(c)(2)] when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker v. Scrap Metal Processors Inc.*, 468 F.3d 733, 744 (11th Cir. 2006) (citation omitted). State claims may predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *United Mine Workers of America v.*

*Gibbs*, 383 U.S. 715, 726 (1966).  The Court agrees with Defendants that the scope of the issues raised by Holy Cross' Counts II through V, as well as the proof required for and the remedies sought in these counts, are significantly broader than the corresponding issues presented by Count I.[3]  Count II, for violation of Florida's Deceptive and Unfair Trade Practices Act, will require the Court to evaluate Florida's public policy and "statutes proscribing unfair methods of competition or unfair, deceptive, or unconscionable acts or practices." (D.E. #1, ¶ 67.)  Count III, for Baskot's breach of the Employment Agreement, will require the Court to analyze whether Holy Cross has asserted legitimate business interests to support the Agreement's restrictive covenants as well as the reasonableness of the geographical and temporal restraints embodied in these covenants and any legal and equitable defenses to the covenants that may be raised by Defendants.  *See* Fla. Stat. § 542.335(1)(b)–(c),(i).  Under Count IV, tortious interference, the Court will evaluate, *inter alia*, whether Holy Cross has "advantageous business relationships" with patients who choose to see Baskot after the termination of her employment with Holy Cross, and under Count V, conversion, the Court will evaluate whether Defendants "have wrongfully and unlawfully asserted dominion over the property of Holy Cross." (D.E. # 1, ¶¶ 81, 90.)  By contrast, under Count I, the Court will solely analyze whether the allegedly false or misleading advertisements, including the representations on Defendants' website, are actionable under Section 43(a) of the Lanham Act.  The Court also finds that Holy Cross asks for far greater remedies under its state law claims than it does under Count I.  Holy Cross seeks preliminary injunctive relief only as to Counts III and IV and also indicates that it intends to add a claim for punitive damages under Count IV.[4]

As a separate, alternate ground for declining to exercise supplemental jurisdiction, the Court notes that Holy Cross alleges that it has a legitimate, protectable business interest in its

---

[3] Holy Cross fails to meaningfully respond to Defendants' argument that state law claims predominate, instead arguing that these claims and Count I arise out of a common nucleus of operative fact.

[4] The Court notes that Defendants' voluntary changes to their website, discussed *supra* at page 2, further limit the issues and remedies presented by Count I and increase the disparity between the scope of Count I and the scope of Counts II through V.

substantial relationships with prospective patients (including its patient base throughout Holy Cross' primary service area). (D.E. # 1, ¶ 103.) Florida law is unsettled with regard to whether unidentified prospective patients or a patient base, and correspondingly referral physicians, qualify as legitimate business interests for the purpose of enforcing restrictive covenants. *See Florida Hematology and Oncology Specialists v. Tummala*, 969 So.2d 316, 316–18 (Fla. 2007) (Lewis, C.J., dissenting) (dissenting from discharge of jurisdiction because Court should resolve direct conflict between appellate courts regarding whether referring physicians qualify as legitimate business interests). *Compare The University of Florida Board of Trustees v. Sanal*, 837 So.2d 512, 516 (Fla. 1st DCA 2003) ("[W]e hold that, to qualify as a legitimate business interest pursuant to section 542.335(1)(b)(3), a relationship with a prospective patient must be, in addition to substantial, one with a particular, identifiable individual."), *and Florida Hematology & Oncology Specialists v. Tummala*, 927 So.2d 135, 139 (Fla. 5th DCA 2006) (following *Sanal*'s interpretation of the Florida statute and finding that referral physicians do not constitute a legitimate business interest because they supply a stream of unidentified prospective patients), *with Southernmost Foot & Ankle Specialists, P.A. v. Torregrosa*, 891 So.2d 591, 594 (Fla. 3d DCA 2004) (upholding trial court's determination that plaintiff's legitimate business interests included "its patient base, referral doctors, specific prospective and existing patients, and patient goodwill"). Because Florida law on this significant legal issue is unsettled, the Court believes that it is best resolved by Florida courts, and, therefore, will not exercise its discretion to assert jurisdiction over Holy Cross' Count III for breach of the Employment Agreement's restrictive covenants. *See* 28 U.S.C. § 1367(c)(1).

## **Conclusion**

For the reasons stated above, the Court finds that Defendants' Motion to Dismiss Count I for lack of subject matter jurisdiction implicates the merits of Count I, Holy Cross' Lanham Act claim. The Court also declines to exercise its discretion to assert supplemental jurisdiction over Counts II through V of Holy Cross' Complaint. Therefore, it is accordingly,

ORDERED that Defendants' Motion to Dismiss Count I under Federal Rule of Civil Procedure 12(b)(1) is DENIED and its Motion to Dismiss Counts II, III, IV and V under 28 U.S.C.

§ 1367(c) is GRANTED.  Counts II, III, IV, and V are DISMISSED WITHOUT PREJUDICE. Because Holy Cross' Motion for Preliminary Injunction is based solely on Counts III and IV, which pursuant to this Order are hereby dismissed, it is further ORDERED that Holy Cross' Motion for Preliminary Injunctive Relief (D.E. # 4) and its Motion for Expedited Briefing, or Alternatively Hearing, on its Motion for Preliminary Injunctive Relief (D.E. # 6) are DENIED WITHOUT PREJUDICE AS MOOT.

DONE and ORDERED in Chambers, Miami, Florida, December 23, 2010.

Paul C. Huck
United States District Judge

<u>Copies furnished to</u>:
All counsel of record